UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 8:25-cr-379-TPB-AAS

LUZ MARY VASQUEZ CRUZ


**NOTICE OF MAXIMUM PENALTIES,**
**ELEMENTS OF OFFENSE, AND FACTUAL BASIS**

The United States of America, by Gregory W. Kehoe, United States Attorney

for the Middle District of Florida, hereby files this Notice of Maximum Penalties,

Elements of Offense, and Factual Basis, stating as follows:

ESSENTIAL ELEMENTS

The essential elements of a violation of 18 U.S.C. § 111(a)(1) and 2, Forcibly

Assaulting, Resisting, or Impeding Certain Officers or Employees, are as follows[1]:

First:  the Defendant forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with the person described in the Indictment;

Second:  the person assaulted was a federal officer performing an official duty; and

Third:  the Defendant's acts resulted in physical contact with the person assaulted.

---

[1] The pattern jury instructions only cover a "forcible assault." *See Eleventh Pattern Jury instructions*, O1.1. The term "forcibly" in Section 111 modifies the verbs that follow, including "assaulted, resisted, opposed, impeded, or interfered." 18 U.S.C. § 111(a)(1); *U.S. v. Gumbs*, 964 F.3d 1340, 1347 (11th Cir. 2020). Forcibly means only that "some amount of force" must be used. *Id.* (citing *U.S. v. Fernandez*, 837 F.2d 1031, 1035 (11th Cir. 1988.). Physical contact differentiates the felony offense under Section 111 from a lesser included offense of misdemeanor simple assault. *U.S. v. Siler*, 734 F.3d 1290, 1926 (11th Cir. 2013).

## PENALTY

The penalty for the offense charged in Count One of the Indictment is a maximum term of eight years' imprisonment, not more than three years' supervised release, a $250,000 fine, and a $100 special assessment.

## FACTUAL BASIS

A.V. is a federal officer employed with the Department of Homeland Security, Homeland Security Investigations ("HSI"). On July 15, 2025, A.V. and other HSI Agents, were conducting an immigration arrest at a residence in Tampa, Florida, within the scope of their official duties, in connection with another individual. Agents made contact with the subject of the arrest, who was seated in a vehicle, in the driveway of the residence.

During the encounter, the defendant, Mary Luz Vasquez Cruz, and her co-defendant, Alfredo Javier Fuentes, exited the residence and placed themselves between agents and the subject of the arrest. Cruz and Fuentes ignored commands from Agents to back away and Cruz used both hands to shove A.V. back, alongside Fuentes. Cruz made physical contact with A.V. as she did so, and her actions caused A.V. to lose balance and stumble backwards. As Cruz and Fuentes held A.V. back, the subject of the arrest fled into the residence, from within the residence escaped through a back window, and evaded arrest until a later date.

The above is merely a summary of some of the events, some of the persons involved, and other information relating to the case. It does not include, nor is it intended to include, all the events, persons involved, or other information relating to the case.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: _/s/ Jeff Chang_____
Jeff Chang
Assistant United States Attorney
Florida Bar No. 1025340
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6103
E-mail: Jeffrey.Chang@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 10, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Stephen Consuegra

> */s/ Jeff Chang*
> Jeff Chang
> Assistant United States Attorney
> Florida Bar No. 1025340
> 400 N. Tampa St., Ste. 3200
> Tampa, FL 33602-4798
> Telephone: (813) 274-6000
> Facsimile: (813) 274-6103
> E-mail: Jeffrey.Chang@usdoj.gov