UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 8:25-cr-379-TPB-AAS

ALFREDO JAVIER FUENTES

**UNITED STATES' RESPONSE TO DEFENDANT'S
OBJECTION TO COMPETENCY ORDER**

The United States of America, by Gregory W. Kehoe, United States Attorney

for the Middle District of Florida, responds in opposition to Fuentes' objection (Doc.

101) to the Court's order on competency. (Doc. 99). The United States agrees with

the findings of the Magistrate Court.

On January 20, 2026, Fuentes raised the issue of competency, relying on a

psychological report by Dr. Ayala Feliciano which opined Fuentes to be incompetent

to stand trial. Doc. 73. Fuentes further requested the Court allow him to remain in

the community for competency restoration. *Id*. The United States did not contest Dr.

Feliciano's opinion on Fuentes' competency but did object to Fuentes' request for an

exception to remain in the community rather than being committed to the custody of

the Attorney General. Doc. 75.

After reviewing supplemental briefings from both parties (Docs. 94, 96), the

Court held a competency hearing on March 26, 2026, heard oral arguments, and

found Fuentes incompetent to proceed. Doc. 99. The Court further committed

Fuentes to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d)(1)

but allowed Fuentes to report to the facility designated by the Attorney General within one week of the facility being determined. *Id*. In its Order, the Court correctly relied on the holdings in *United States v. Donofrio*, 896 F.2d 1301, 1301 (11th Cir. 1990), *United States v. Chatman*, Case No. 8:20-cr-191-T-35TGW, 2020 WL 6801866, *2 (M.D. Fla. Nov. 19, 2020), and *United States v. Cobble*, Case No. 17-10975, 724 F. App'x 753, 754 (11th Cir. 2018).

In his objection, Fuentes again argues that the Court may intervene in the Attorney General's determination of a suitable facility for competency restoration. Doc. 101. However, as previously argued by the United States, and as ordered by the Court, binding precedent set forth in *Donofrio* forecloses Fuentes' argument. Specifically, that the district court does not have the "authority to circumvent the statutory mandate that a person found mentally incompetent must be committed to the Attorney General for *hospitalization*." *Id*. (emphasis added).

Similarly, persuasive authority from other circuits have considered the argument as to the "manner of commitment" and held the same. *See United States v. Magassouba*, 544 F.3d 387, 404 (2d Cir. 2008); *United States v. Ferro*, 321 F.3d 756, 761 (8th Cir. 2003); *United States v. Filippi*, 211 F.3d 649, 651 (1st Cir. 2000). Most relevant to the instant case, the court in *Fillipi* held that § 4241(d) "does not appear to call for any case-by-case choice by the district court as to whether to incarcerate once the incompetency finding has been made." *Fillipi*, 211 F.3d 649 at 651. The court considered in depth whether "automatic commitment" is "narrowly tailored"

2

enough to satisfy the Due Process Clause and held that it did. *Id.* Specifically, because "temporary incarceration would permit a more careful and accurate diagnosis before the court is faced with the serious decision whether to defer trial indefinitely and (quite often) to release the defendant back into society." *Id.*

Accordingly, the Court should deny Fuentes' objection to the Order on competency.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:   */s/ Jeff Chang*_____
      Jeff Chang
      Assistant United States Attorney
      Florida Bar No. 1025340
      400 N. Tampa St., Ste. 3200
      Tampa, FL 33602-4798
      Telephone: (813) 274-6000
      Facsimile: (813) 274-6103
      E-mail: Jeffrey.Chang@usdoj.gov

**U.S. v. Fuentes**                        **Case No. 8:25-cr-379-TPB-AAS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 1, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Stephen Consuegra, Esq.

/s/ Jeff Chang
Jeff Chang
Assistant United States Attorney
Florida Bar No. 1025340
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6103
E-mail: Jeffrey.Chang@usdoj.gov

4