UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 8:25-cr-379-TPB-AAS

ALFREDO JAVIER FUENTES

**UNITED STATES' RESPONSE OPPOSING DEFENDANT FUENTES'**
**MOTION TO STAY**

The United States of America, by Gregory W. Kehoe, United States Attorney

for the Middle District of Florida, responds in opposition to Fuentes' motion to stay,

filed at Doc. 106. Fuentes has not met his burden of showing he is likely to succeed

on the merits of his appeal and is not entitled to a stay under the *Nken* factors.

## I.      MEMORANDUM OF LAW

The relevant factors weigh against Fuentes because he has not met his burden

to show he is likely to succeed on the merits of his appeal. The burden of proof for a

motion to stay falls upon the requesting party. *Nken v. Holder*, 556 U.S. 418, 434

(2009). In evaluating the motion, courts consider: "(1) whether the stay applicant has

made a strong showing that he is likely to succeed on the merits; (2) whether the

applicant will be irreparably injured absent a stay; (3) whether issuance of the stay

will substantially injure the other parties interested in the proceeding; and (4) where

the public interest lies." *Id*. at 426. Additionally, "[t]he first two factors of the

traditional standard are the most critical. It is not enough that the chance of success

on the merits be better than negligible." *Id*. at 434. Showing a "possibility of

irreparable injury" is insufficient to satisfy the second factor because the "possibility standard is too lenient." *Id*. (internal citation omitted). As Fuentes notes, a stay "is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Id*. (quoting *Virginian R. Co. v. United States*, 272 U.S. 658, 672 (1926)).

The first factor weighs most heavily against Fuentes because he has failed to make a strong showing he is likely to succeed on the merits. Section 4241(d) is clear that a defendant who is found mentally incompetent shall be committed to the custody of the Attorney General who shall hospitalize the defendant in a suitable facility. When a statute is clear and unambiguous, courts "go no further and will employ that plain meaning." *U.S. v. Dawson*, 64 F.4th 1227, 1236 (11th Cir. 2023). Similarly, binding Eleventh Circuit precedent is clear that a defendant who has been found mentally incompetent "must be committed to the Attorney General for hospitalization." *United States v. Donofrio*, 896 F.2d 1301, 1301 (11th Cir. 1990). Thus, both the competency statute and precedent are clear that the Attorney General shall hospitalize the defendant, rather than allow him to remain in the community for treatment as Fuentes requested (Doc. 73) and forecloses his argument.

Additionally, Fuentes has not shown that he will be irreparably injured without a stay. The Court's Order (Doc. 99) requires Fuentes to report to a facility once one has been designated, which has yet to occur. Fuentes may raise the issue again if his appeal is still pending once a facility is designated. Even if Fuentes has shown he will be irreparably injured, the strength of the first factor and his unlikely

2

ability to succeed on the merits outweighs it. As stated, even irreparable injury does not entitle him to a stay, and it would only serve to further delay the proceedings.

Regarding the third and fourth factors, the Government has a "substantial interest in timely prosecution" and an interest in rendering the defendant competent to stand trial. *Sell v. U.S.*, 539 U.S. 166, 180 (2003). So too does the public have an interest in bringing a defendant to trial. *Zedner v. U.S.*, 547 U.S. 489, 497 (2006). Although in the context of involuntary medication, the Supreme Cout held that the Government's interest is more significant when the defendant is accused of a serious crime. *Sell*, 539 U.S. at 180, 123 S.Ct. 2174. Courts often look to the statutory maximum penalty to measure the seriousness of an offense. *U.S. v. Doten*, 699 F. Supp. 3d 1363, 1370 (S.D. Fla. 2023) (holding that a statutory maximum sentence of five years if convicted on any of the four counts qualifies an offense as serious under *Sell*).

Here, Fuentes faces a serious offense involving the forcible assault of a federal officer with a maximum penalty of eight years. Both the Government and the public have an interest in bringing Fuentes to trial. A stay would further delay a matter that has been pending for nearly a year and will continue to remain pending if and until Fuentes is restored to competency. Fuentes' commitment to the Attorney General for treatment will serve to determine if he may be restored to competency to resume the criminal proceedings.

Accordingly, the Court should deny Fuentes' motion to stay.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:    */s/ Jeff Chang*_____
Jeff Chang
Assistant United States Attorney
Florida Bar No. 1025340
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6103
E-mail: Jeffrey.Chang@usdoj.gov

5

**U.S. v. Fuentes**                               **Case No. 8:25-cr-379-TPB-AAS**

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2026, I electronically filed the foregoing with

the Clerk of the Court by using the CM/ECF system which will send a notice of

electronic filing to the following:

Counsel of Record

*/s/ Jeff Chang*_____
Jeff Chang
Assistant United States Attorney
Florida Bar No. 1025340
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6103
E-mail: Jeffrey.Chang@usdoj.gov